UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SULLIVAN JONES AND NEOLA GANS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-713** |
| **CHARLES BECNEL, ET AL.** | **SECTION: "S" (2)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** Plaintiffs' Motion for Entry of Default Against Charles S. Becnel, Lawrence J. Babin, Larry C. Becnel, John L. Delahay, Paul G. Aucoin, Elmore Boudreaux, St. James Parish Courthouse, Hallwood Exploration LP and Tamithia P. Shaw (Doc. #34) is **DENIED**.

**IT IS FURTHER ORDERED** that Larry C. Becnel's Motion to Dismiss for Improper Service (Doc. #36) is **GRANTED**, and plaintiffs' claims against him are **DISMISSED**.

**IT IS FURTHER ORDERED** that Paul G. Aucoin's Motion to Dismiss for Improper Service (Doc. #37) is **GRANTED**, and plaintiffs' claims against him are **DISMISSED**.

**IT IS FURTHER ORDERED** that and plaintiffs' claims against Charles S. Becnel, Lawrence J. Babin, John L. Delahay and Elmore Boudreaux are **DISMISSED** for failure to properly serve under Rule 4 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** plaintiffs' claims against the St. James Parish Courthouse are **DISMISSED**, because it is not a juridical entity with the capacity to be sued.

**IT IS FURTHER ORDERED** that plaintiffs' claims against Judge John L. Peytavin and Judge Leon J. Lesueur are **DISMISSED** under Rule 25(a)(1) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Judge Ralph Tureau's Motion to Dismiss (Doc. #24) is **GRANTED**, and plaintiffs' claims against him are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiffs' state-law claims against Twister Gas Services LLC, Hallwood Exploration LP, Kenneth Blanchard, Jr. and Tamithia P. Shaw are **DISMISSED,** because this court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367.

**IT IS FURTHER ORDERED** that Kenneth Blanchard, Jr.'s Motion to Dismiss (Doc. #7), Twister Gas Services, LLC's Motion to Dismiss (Doc. #9) and Tamithia Shaw's Motion to Dismiss (Doc. #32) are **DISMISSED AS MOOT**.

## BACKGROUND

This matter is before the court on plaintiffs' Motion for Entry of Default. Also before the court are Judge Ralph Tureau's Motion to Dismiss plaintiffs' claims against him by the application of absolute judicial immunity, and Larry C. Becnel's and Paul G. Aucoin's Motions to Dismiss for Lack of Proper Service.

On March 5, 2015, plaintiffs, Sullivan Jones and Neola Gans, citizens of Louisiana and California, respectively, filed this action pro se[1] against Judge Charles S. Becnel,[2] Lawrence J. Babin, Elmore Boudreaux, Larry C. Becnel, John L. Delahay, Paul G. Aucoin, Judge John L.

---

[1] Because plaintiffs are proceeding pro se, the court must construe their pleadings liberally. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). However, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

[2] A Suggestion of Death was filed on July 22, 2015, informing the court that Charles S. Becnel died on January 5, 2015. See Doc. #35.

Peytavin,[3] Judge Ralph Tureau, Judge Leon L. Lesueur,[4] Twister Gas Services LLC, Hallwood Exploration LP, Kenneth Blanchard, Jr., Tamithia P. Shaw and the St. James Parish Courthouse. Plaintiffs state that "the claim being brought forth is contesting the validity of an invalid instrument of ownership prepared on [January 12, 1959]" for a certain property located in St. James Parish, Louisiana. Essentially, they allege that the defendants deprived them of their rights to property in St. James Parish, Louisiana. Plaintiffs seek "restitution for [the] pas[t] 56 years[,] $200 billion dollars, and return of property to the heirs." On April 14, 2015, plaintiff's filed an "Affidavit of Proof of Service By Certified Mail" purporting to show that they effected service on the defendants via certified mail.

Edward Geason, Sr. and Allen Jones, Sr. purchased the property at issue in 1923. In 1958, Edward Geason, Sr., along with Allen Jones, Sr.'s heirs, who were Allen Jones, Jr., Ulysses Jones and Eugene Jones, signed a document allocating a one-seventh interest each in the property to Edward Geason, Sr., Allen Jones, Sr., Alex Jones, Sr., Albert Jones, Sanders Jones, Sr., Louis Jones, Sr., and Ellis Jones. The document was notarized by Charles Becnel on December 4, 1958. Plaintiffs allege that Charles Becnel was an assistant district attorney in St. James Parish at that time. On January 12, 1959, the document was entered into the St. James Parish records by Babin, the St. James Parish Clerk and Recorder. Plaintiffs allege that Charles Becnel and Babin acted improperly with respect to the notarization and filing of that document. They also allege that in 1971,

---

[3]The State of Louisiana filed a Suggestion of Death on May 7, 2015, informing the court that John L. Peytavin died on February 3, 2015. See Doc. #23.

[4] The State of Louisiana filed a Suggestion of Death on May 7, 2015, informing the court that Leon J. Lesueur died on April 30, 2006. See Doc. #22.

Boudreaux, as St. James Parish Clerk and Recorder, signed "for a mortgage against the 1959 document."

Since the 1959 document was filed, the property at issue has been involved in various successions. Plaintiffs allege that the attorneys who filed those successions for their clients, Larry C. Becnel,[5] Delahay[6] and Aucoin[7] "all did the succession off of the 1959 instrument without examining the files."

Plaintiffs also allege that the judges who signed the judgments of possession in various successions, Judge Charles Becnel,[8] Judge Tureau,[9] Judge Peytavin,[10] and Judge Lesueur,[11] "all signed the succession(s) without examining the files."

In 2001 and 2005, respectively, Twister Gas and Hallwood Exploration obtained Oil, Gas and Mineral Leases on the property. Plaintiffs allege that they "both went off of the 1959 instrument without complete examination overlooked the original deed, which had a mortgage, they said it was a cash sale which was not true" because there was a mortgage on the 1923 deed. Plaintiffs allege that

---

[5] In her Last Will and Testament executed in 1979, Earline Jackson Jones appointed Larry C. Becnel as the attorney for her succession.

[6] In 2003, Delahay handled the successions of Alice Bryant Jones and Ellis Jones.

[7] In 1986, Aucoin handled Florence S. Jones and Louis Jones, Sr.'s succession.

[8] Plaintiffs allege that Judge Becnel signed a Judgment of Possession "on the 1959 document" in 1982.

[9] In 2003, Judge Tureau signed the Judgment of Possession in Alice Bryant Jones' succession and Ellis Jones' succession.

[10] In 1988 and 1990, respectively, Judge Peytavin signed the Judgment of Possession in the Succession of Florence S. Jones and Louis Jones, Sr. and the Judgment of Possession in the Succession of Leola Nelson, wife of/and Allen Jones, Sr.

[11] In 1968 and 1985, respectively, Judge Lesueur signed the Judgment of Possession in Allen Jones, Jr.'s succession and the Judgment of Possession in Earline Jackson Jones' succession.

this mistake resulted in Twister and Hallwood giving "money" "to the non-owners, [and the] heirs didn't receive the percentage due [to] them from the oil company . . ." Plaintiffs also allege that the true owners did not sign the leases with these companies and that when the companies discovered the identity of the true heirs "they had to stop the drilling."

Plaintiffs' allegations regarding Blanchard are that he was an attorney for "the non-owners" and stated in an electronic mail message dated September 12, 2012, to plaintiffs' attorney that "it will take a lot of money to clean this up unless they all pitch in and without fighting anything in a lawsuit." Plaintiffs allege that if Blanchard "knew this can be clean up why didn't he let his clients know this is not a valid document you are not owners or heirs of the Allen Jones Senior and Edward Geason Senior real estate."

Finally, plaintiffs allege that on June 8, 2014, Shaw wrote to Allen Jones, Sr.'s family requesting permission for an oil company to explore for oil on and extract oil from the land, and proposing a compromise regarding the proceeds pending the outcome of an action to settle the dispute regarding the ownership of the property. Plaintiffs allege that they "responded by saying no that the letter was more devastating to the family than the 1959 fraudulent induce document . . . the 1959 coun[t]erpart document is a threat to the owners . . ."

On May 7, 2015, the State of Louisiana filed Suggestions of Death as to Judges Peytavin and Lesueur. On May 12, 2015, Judge Tureau filed a motion to dismiss arguing that plaintiffs' claims against him are barred by the application of absolute judicial immunity. Twister Gas, Blanchard, and Shaw have also filed motions to dismiss.[12]

---

[12] Shaw's Motion to Dismiss (Doc. #32) was filed after this court issued the Show Cause Order (Doc. #31) noting that she had not filed responsive pleadings.

On July 8, 2015, this court issued an order noting that Charles Becnel, Babin, Larry Becnel, Delahay, Aucoin, Hallwood Exploration, St. James Parish Courthouse, Boudreaux, and Shaw had purportedly been served but did not file any responsive pleadings. See Doc. #31. The court ordered that plaintiffs move for entry of default against those defendants, or show good cause in writing within 20 days of the date of the order why these defendants should not be dismissed for failure to prosecute. On July 20, 2015, plaintiffs filed a Statement of Good Cause (Doc. #33) and Motion for Judgment and Entry by Default (Doc. #34), in which they contend that an entry of default and a default judgment for $100 billion are proper because they served the defendants, and defendants have not answered.

## ANALYSIS

**A.   Plaintiffs' Motion for Entry of Default Against Charles Becnel, Babin, Boudreaux, Larry Becnel, Delahay and Aucoin**

Plaintiffs argue that they are entitled under Rule 55 of the Federal Rules of Civil Procedure to an entry of default against Charles Becnel, Babin, Boudreaux, Larry Becnel, Delahay and Aucoin, because they served these defendants, and they did not answer.[13]

Rule 55(a) of the Federal Rules of Civil Procedure provides that a default can be entered against a party from "whom a judgment for affirmative relief is sought" when that party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The court does not have jurisdiction to enter a default against a party that has not been

---

[13] Plaintiffs also moved for an entry of default against Hallwood Exploration, St. James Parish Courthouse and Shaw. Plaintiffs' claims against these defendants will be addressed in subsequent sections of this Order and Reasons.

properly served with process. Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd., 229 F.3d 1156 (6th Cir. 2000).

Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. The plaintiff is responsible for having the summons and complaint properly served within the time permitted by Rule 4(m), or notifying the defendant of the action and requesting a waiver of service. Fed. R. Civ. P. 4(c)-(d).[14] When services is not waived, an individual may be served in by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by law to receive service of process.

Id. at Rule 4(e).

The Louisiana Code of Civil Procedure provides for personal and domiciliary service on individuals. La. Code Civ. Proc. arts. 1231-1235. "Personal service is made when a proper officer tenders the citation or other process to the person to be served." Id. at art. 1232. "Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing

---

[14] There is no evidence in the record that plaintiffs requested waivers of service from the defendants pursuant to Rule 4(d).

in the domiciliary establishment" Id. at art. 1234. Further, "a public officer, sued as such, may be served at his office either personally, or in his absence, by service upon any of his employees of suitable age and discretion." Id. at art. 1265.

Plaintiffs attempted to serve all of the defendants by certified mail. See Doc. #18. Neither the Federal Rules of Civil Procedure, nor Louisiana law, provide for service of process on individuals within the State of Louisiana by certified mail. See Fed. R. Civ. P. 4(e); La. Code Civ. Proc. arts. 1231-1235 & 1265. Because Charles Becnel, Babin, Boudreaux, Larry Becnel, Delahay and Aucoin were not properly served, plaintiffs' motion for entry of default against them is DENIED, and Larry Becnel's and Aucoin's motions to dismiss for improper service are GRANTED.[15] Plaintiffs' claims against Charles Becnel, Babin, Boudreaux, Larry Becnel, Delahay and Aucoin are DISMISSED.[16]

**B.    St. James Parish Courthouse**

Plaintiffs attempt to assert claims against the St. James Parish Courthouse.

Rule 17(b) of the Federal Rules of Civil Procedure provides that for parties that are not individuals or corporations, their capacity to sue or be sued is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3). Under Louisiana law, an entity must be a juridical person to have the capacity to sue or be sued. Dugas v. City of Breaux Bridge Police Dept., 757 So.2d 741, 743 (La. Ct. App. 2000). The Louisiana Civil Code defines a judicial person as "an

---

[15] Shaw was also served via certified mail. Although service was improper as to Shaw, she waived this defense by filing a motion to dismiss that did not raise it. See Fed. R. Civ. P. 12(h).

[16] If a defendant is not served within 120 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiffs have not shown good cause for their failure to properly effect service. Therefore, the time for service will not be extended. See id.

entity to which the law attributes personality, such as a corporation or a partnership." La. Civ. Code art. 24. The Supreme Court of Louisiana has provided this guidance in determining whether an entity qualifies as a juridical person:

> The important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.

Roberts v. Sewerage & Water Bd. of New Orleans, 634 So.2d 341, 346-47 (La. 1994). "Thus, when there is no constitutional or statutory authority for the entity to sue or be sued, that entity is without capacity under the Roberts analysis." Green v. Dist. Attorney Office, 2009 WL 651132, at *4 (E.D. La. 3/10/2009) (Feldman, J.) (citing City Council of Lafayette v. Bowen, 649 So.2d 611, 613-16 (La. Ct. App. 1994)).

Article 2 of the Constitution of Louisiana organizes the Louisiana state government into three separate branches, legislative, executive and judicial. See La. Cost., art 2. "The judicial power is vested in a supreme court, courts of appeal, district courts, and other courts authorized by this Article." Id. at art. 5, § 1. Thus, the Louisiana state courts, are not separate entities, but instead are parts of the greater body of the Judicial Branch of the Louisiana state government, and do not have the capacity to be sued. Green, 2009 WL 651132, at *5; see also Griffith v. Louisiana, 808 F.Supp.2d 926 (E.D. La. 2011) (Berrigan, J.); Rutherford v. Louisiana, 2011 WL 692031 (E.D. La. 2/17/2011) (Africk, J.); Hall v. Louisiana, 974 F.Supp.2d 957 (M.D. La. 2013) (Jackson, J.).

Plaintiffs name the St. James Parish Courthouse as a defendant. It is a building in which the Twenty-Third Judicial District Court for the Parishes of Ascension, Assumption and St. James, State of Louisiana sits when it is in that Parish. Neither the St. James Parish Courthouse nor the Twenty-Third Judicial District Court for the Parishes of Ascension, Assumption and St. James, State of Louisiana are juridical entities capable of being sued. Thus, plaintiffs' claims against the St. James Parish Courthouse are DISMISSED.

### C.      Suggestions of Death

On May 7, 2015, the State of Louisiana filed Suggestions of Death as to Judges Peytavin and Lesueur. See Docs. #22 & 23. Both were deceased prior to the commencement of this action. Id.

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

No motion to substitute has been filed. Therefore, this court must dismiss the action against the decedents. Therefore, plaintiffs' claims against Judges Peytavin and Lesueur are DISMISSED.

### D.      Judge Tureau's Motion to Dismiss

Judge Tureau argues that plaintiffs' claims against him should be dismissed because he enjoys absolute judicial immunity from suit regarding such claims.

It has long been held that "[a] judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any action performed in his judicial role," even when such acts are in excess of his jurisdiction, and are alleged to have been performed maliciously or corruptly.

10

Ammons v. Baldwin, 705 F.2d 1445, 1447 (5 th Cir. 1983) (internal citations omitted); Bradley v. Fischer, 80 U.S. (13 Wall.) 335, 351 (1871).  The United States Supreme Court has explained:

> Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages.  Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery, and eventual trial.

Mireles v. Waco, 112 S.Ct. 286, 288 (1991).  Further, judicial immunity is clearly applicable in cases, such as the instant one, brought pursuant to 42 U.S.C. §1983. Stump v. Steward, 98 S.Ct. 1099, 1104 (1978); Pierson v. Ray, 87 S.Ct. 1213, 1218 (1967).  Therefore, to the extent Judge Tureau was acting as a judge in his official capacity, he is entitled to judicial immunity from plaintiffs' claims.

Moreover, the Supreme Court has recognized only two instances in which judicial immunity is inapplicable:

> [O]ur cases make clear that the immunity is overcome in only two sets of circumstances.  First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, through judicial in nature, taken in the complete absence of jurisdiction.

Mireles, 112 S.Ct. at 288.

Regarding the first exception, the Supreme Court has explained:

> The relevant cases demonstrate that the factors determining whether an action by a judge is a "judicial" one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.

Stump,  98 S.Ct. at 1107.

More specifically, in determining whether a judge's actions were judicial in nature, the court should consider: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces, such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993) (citing McAlester v. Brown, 469 F.2d 1280, 1282 (5th Cir. 1972)).

Plaintiffs' allegations against Judge Tureau are that he signed the Judgement of Possession in successions without properly reviewing the files. This is a judicial function for which Judge Tureau is entitled to absolute judicial immunity. Therefore, Judge Tureau's motion to dismiss is GRANTED and plaintiffs' claims against him are DISMISSED.

**E.     Supplemental Jurisdiction Under 28 U.S.C. § 1367**

This court's subject-matter jurisdiction over this case was founded upon federal question subject-matter jurisdiction under 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Plaintiffs brought claims against Charles Becnel, Babin, Boudreaux, Judge Peytavin, Judge Tureau and Judge Lesueur under 42 U.S.C. § 1983 for a deprivation of property rights in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. Section 1983 provides a remedy against "every person," who under color of state law, deprives another of any rights secured by the Constitution and laws of the United States. 42 U.S.C. § 1983; Monell v. Dep't of Soc. Serv., 98 S.Ct. 2018 (1978). Pursuing a claim under that statute for the violation of a constitutional law requires that the alleged deprivation be committed by a state actor. Sw. Bell Tel. LP v. City of Hous., 529 F.3d 257, 260 (5th Cir. 2008); see also West v. Alkins, 108

S.Ct. 2250, 2255-54 (1988). Plaintiffs allege that Charles Becnel, Babin, Boudreaux, Judge Peytavin, Judge Tureau and Judge Lesueur were state actors. All of the other defendants were not. Thus, any claims plaintiffs assert against Larry C. Becnel, Delahay, Aucoin, Twister Gas Services LLC, Hallwood Exploration LP, Kenneth Blanchard, Jr. and Tamithia P. Shaw are state-law claims.

Pursuant to 28 U.S.C. §1367(a), this court has supplemental jurisdiction over plaintiffs' state-law claims. Because plaintiffs' federal claims have been dismissed, the court declines to exercise supplemental jurisdiction over the state-law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir.1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims."). Therefore, plaintiffs' claims against Twister Gas Services LLC, Hallwood Exploration LP, Kenneth Blanchard, Jr. and Tamithia P. Shaw are DISMISSED.

## CONCLUSION

**IT IS HEREBY ORDERED** Plaintiffs' Motion for Entry of Default Against Charles S. Becnel, Lawrence J. Babin, Larry C. Becnel, John L. Delahay, Paul G. Aucoin, Elmore Boudreaux, St. James Parish Courthouse, Hallwood Exploration LP and Tamithia P. Shaw (Doc. #34) is **DENIED**.

**IT IS FURTHER ORDERED** that Larry C. Becnel's Motion to Dismiss for Improper Service (Doc. #36) is **GRANTED**, and plaintiffs' claims against him are **DISMISSED**.

**IT IS FURTHER ORDERED** that Paul G. Aucoin's Motion to Dismiss for Improper Service (Doc. #37) is **GRANTED**, and plaintiffs' claims against him are **DISMISSED**.

**IT IS FURTHER ORDERED** that and plaintiffs' claims against Charles S. Becnel, Lawrence J. Babin, John L. Delahay and Elmore Boudreaux are **DISMISSED** for failure to properly serve under Rule 4 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** plaintiffs' claims against the St. James Parish Courthouse are **DISMISSED**, because it is not a juridical entity with the capacity to be sued.

**IT IS FURTHER ORDERED** that plaintiffs' claims against Judge John L. Peytavin and Judge Leon J. Lesueur are **DISMISSED** under Rule 25(a)(1) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Judge Ralph Tureau's Motion to Dismiss (Doc. #24) is **GRANTED**, and plaintiffs' claims against him are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiffs' state-law claims against Twister Gas Services LLC, Hallwood Exploration LP, Kenneth Blanchard, Jr. and Tamithia P. Shaw are **DISMISSED,** because this court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367.

**IT IS FURTHER ORDERED** that Kenneth Blanchard, Jr.'s Motion to Dismiss (Doc. #7), Twister Gas Services, LLC's Motion to Dismiss (Doc. #9) and Tamithia Shaw's Motion to Dismiss (Doc. #32) are **DISMISSED AS MOOT**.

New Orleans, Louisiana, this __6th__ day of August, 2015.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**